UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| DANIEL L. DUMONDE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 2:11-cv-01545-LSC |
| CHARLES HAYES, | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

Plaintiff Daniel Dumonde filed the above-numbered cause of action, *pro se*, on May 10, 2011, against the Hueytown Police Department, City of Hueytown, Alabama, two unnamed police officers, Passmore Towing and Recovery, Wes Passmore, and Charles Hayes.  (Doc. 1.)  In the Complaint, Plaintiff contends Defendants are liable for unconstitutional deprivation of his property rights under 42 U.S.C. § 1983 ("§ 1983").  On June 7, 2011, counsel appeared for all defendants except Charles Hayes ("Hayes") and moved to dismiss Plaintiff's action because a settlement had been reached between the parties.  (Doc. 5.)  The Court granted the motion to dismiss, leaving Hayes as the sole remaining defendant.  Hayes has since filed, *pro se,* a motion to dismiss.  (Doc. 11.)  The Court also has for consideration a motion for entry of

default against Hayes, which was filed by the Plaintiff on November 23, 2011. (Doc. 13.) Upon full review of the pleadings in this case, Plaintiff's motion for entry of default is DENIED and Hayes's motion to dismiss will be GRANTED.

"Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a 'short and plain statement of the claim' showing that the pleader is entitled to relief." *Washington v. Bauer*, 149 Fed. Appx. 867, 869 (11th Cir. 2005). The U.S. Supreme Court has explained that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While courts "do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education," "this leniency does not give

a court license to serve as *defacto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted). Even *pro se* complaints "must comply with the procedural rules governing the proper form of pleadings." *Bauer*, Fed. Appx. at 870 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

"To maintain a 42 U.S.C.A. § 1983 action, the conduct complained of must have been committed by *a person acting under color of state law* and must result in a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *Scott v. Dixon*, 720 F.2d 1542, 1545 (11th Cir. 1983), *Brown v. Miller*, 631 F.2d 408, 410 (5th Cir. 1980)) (emphasis added). There is no indication in the Complaint that Hayes is a law enforcement officer or state official. Plaintiff alleges that Hayes filed a criminal complaint against the plaintiff for fraudulent use of a credit card. The criminal complaint prompted Plaintiff's arrest and police took custody of Plaintiff's car keys, car, and other personal items.

A private party acts "under color of state law" for the purposes of § 1983 in limited circumstances. Private parties can be liable as state actors under § 1983 if:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State has so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

*Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Private parties can also be liable under § 1983 if they "act in concert with the state officials in depriving a plaintiff of constitutional rights," *Bendiburg*, 909 F.2d at 468, or act as an agent of the state, *Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970).

Although Plaintiff broadly accuses Hayes of "conspiring with friends and associates in Hueytown Police Dept. [sic]," Plaintiff does not allege any facts that would allow the Court to infer that Hayes may be held liable under § 1983 as a private party acting under color of state law. Accordingly, Plaintiff's lawsuit against Hayes is due to be dismissed. A separate order will be entered.

Done this <u>2nd</u> day of <u>December 2011</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297